UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARIF M. QURESHI, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-08-3188 |
| | § | |
| W & J INVESTMENT, INC.; dba GAS N | § | |
| STUFF #2; dba CARRAWAY EXXON; dba | § | |
| TIME MART, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

Pending before the Court is the defendants', W & J Investment, Inc. (doing business as Gas N Stuff #2, Carraway Exxon and Time Mart), Momin Properties, Inc., Fastrac Food Stores, Inc., Dhukani Investments, Inc., Dhukani Properties, Inc., W & J Restaurants, Inc., Karim Wazirali Dhukani and Amin Wazirali Dhukani (collectively, the "defendants," unless referred to individually), motion for summary judgment (Docket Entry No. 44). The plaintiff, Arif M. Qureshi ("Qureshi") submitted a response to this motion (Docket Entry No. 45), a first supplement to his response (Docket Entry No. 46) and a second supplement to his response (Docket Entry No. 47). Having carefully reviewed the parties' submissions, the record and the applicable law, the Court hereby denies the defendants' motion and, *sua sponte*, dismisses Qureshi's malicious civil prosecution claim for failure to state a cause of action upon which relief can be granted.

**II. Factual Background**

The defendants employed Qureshi as a store clerk from approximately April 12, 2007 through approximately December 7, 2007. Qureshi asserts that, at the time of his termination, he

had not been sufficiently paid for overtime work he performed.  Premised upon this concern, Qureshi brought suit against the defendants under 29 U.S.C. § 201 *et seq*. (the Fair Labor Standards Act of 1938, the "FSLA") and the Texas Labor Code Chapter 61, *et seq*.  The facts surrounding this controversy are further described below.

The parties disagree about Qureshi's rate of pay during his employment with the defendants.  Qureshi's pay is argued to be the applicable federal minimum wage, $9.00/hour or $2,000/month.  For the purposes of this discussion, the parties generally agree that, with occasional variances, Qureshi worked approximately 10 hours per day, seven days per week.  This employment was terminated in December of 2007, when Amin Wazirali Dhukani was (Qureshi's manager) witnessed Qureshi stealing cash from the store at which he was employed.

On or about October 27, 2009, Qureshi sued the defendants, alleging violations of the FLSA (failure to pay overtime) and Texas Labor Code Chapter 61, *et seq*. (failure to pay wages).  Subsequently, the defendants brought suit against Qureshi in state court, asserting causes of action arising from Qureshi's alleged theft of the defendants' property (the "state suit").  After this filing, Qureshi amended his complaint to add claims under the FSLA (retaliation) and Texas common law (malicious civil prosecution).

### III. Contentions

#### A. The Defendants' Contentions

The defendants contend that summary judgment is proper on Qureshi's FLSA, Texas Labor Code and Texas common law claims.  Initially, they state that Qureshi's FLSA and Texas Labor Code claims pertaining to the defendants' alleged failure to pay overtime should be dismissed because, even if the Court accepts Qureshi's rendition of the number of hours he worked, Qureshi has been fully compensated.  Furthermore, the defendants state that Qureshi's

FSLA retaliation and Texas common law malicious civil prosecution allegations fail because they are not supported by any evidence.

### B. The Plaintiff's Contentions

Qureshi contends that summary judgment is not appropriate on any of his claims. To this end, he states that, when his overtime hours are properly calculated, he was not fully compensated for the hours he worked. Moreover, Qureshi maintains that summary judgment is improper on his FSLA (retaliation) and Texas common law claims because evidence has been proffered on each element of these claims.

### IV. Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The [movant] bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact." *Lynch Props., Inc. v. Potomac Ins. Co*., 140 F.3d 622, 625 (5th Cir. 1998) (citing *Celotex v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once the movant carries this initial burden, the burden shifts to the nonmovant to show that summary judgment is inappropriate. *See Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). The nonmovant must go beyond the pleadings and designate specific facts proving that a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986). The nonmovant may not rest on conclusory allegations or denials in its pleadings that are unsupported by specific facts. Fed. R. Civ. P. 56(e). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that a controversy exists." *Lynch*, 140 F.3d at 625. "A dispute regarding a material fact is 'genuine' if the evidence would permit a reasonable jury to return a verdict in favor of the nonmoving party." *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004). Thus, "[t]he appropriate inquiry is 'whether the evidence represents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Houston*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson*, 477 U.S. at 251–52).

### V. Analysis & Discussion

#### A.  Qureshi's Failure to Pay Overtime Claims

"Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined maximum hours." *Morales v. Thang Hung Corp.*, No. 4:08-2795, 2009 WL 2524601, at *2 (S.D. Tex. Aug. 14, 2009) (citing 29 U.S.C. § 207(a)). Specifically, "[a]fter an employee has worked over 40 hours in one week, the FLSA generally requires an employer to pay overtime compensation at a rate of one and one-half times the regular hourly rate."[1] *Howe v. Hoffman-Curtis Partners Ltd.*, No. H-

---

[1] Section 207(a) of the FLSA states:

(a) Employees engaged in interstate commerce; additional applicability to employees pursuant to subsequent amendatory provisions

(1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

(2) No employer shall employ any of his employees who in any workweek is engaged in any commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, and who in such a workweek is brought within the purview of this subsection by the amendments made to this chapter by the Fair Labor Standards Amendments of 1966-

03-4298, 2005 WL 3415993, at *2 (S.D. Tex. June 08, 2005) (citing *Singer v. City of Waco*, 324 F.3d 813, 818 (5th Cir. 2003)).

The defendants assert that "even when accepting Plaintiff's renditions of the number of hours he actually worked, . . . Plaintiff has been fully compensated, including overtime wages, for hours worked." This assertion is premised upon several assumptions of fact, including:

1.  Qureshi was paid $2,000 per month, but was actually working for minimum wage, which was $5.15 per hour from September 1, 1997 to July 23, 2007 and $5.85 from July 24, 2007 to July 23, 2008.

2.  Qureshi worked from 1:00 p.m. until 11:00 p.m. on days that he worked.

3.  Qureshi worked every day from April 12, 2007 until December 5, 2007 (inclusive), except for April 16, 19, 23, 26 and 30, September 1, October 12, and November 3.

4.  Qureshi was paid $14,746.67 during the course of his employment with the defendants.

Premised upon these assumptions, the defendants assert that Qureshi was due $14,045.90 for his services, which was $700.77 less than he was actually paid.[2] However, the defendants' calculations are flawed. *See* (Docket Entry No. 44, Ex. 10). In determining the amount of money that was owed to Qureshi, the defendants calculated that for each 10 hour day worked, 2 hours of overtime should be paid. This calculation would be correct if Qureshi worked 10 hours per day for 5 days per week (40 hours of regular pay and 10 hours of overtime pay). However,

---

(A) for a workweek longer than forty-four hours during the first year from the effective date of the Fair Labor Standards Amendments of 1966,
(B) for a workweek longer than forty-two hours during the second year from such date, or
(C) for a workweek longer than forty hours after the expiration of the second year from such date, unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

[2] The defendants actually made three sets of calculations determining how much money was actually owed to Qureshi. This set of assumptions represented the lowest amount of money that could have been owed to Qureshi.

Qureshi commonly worked more than five days in a week, and thus, the defendants' calculations are incorrect.

In example, if Qureshi worked 70 hours in a week (7 days x 10 hours per day), under the defendants' calculations, Qureshi would be owed 56 hours of regular pay and 14 hours of overtime pay. This is incorrect. Since overtime is owed for any hours worked in one week in excess of 40, Qureshi should be paid for 40 regular time hours and 30 overtime hours.

Premised upon the defendant's above-stated assumptions, Qureshi was actually owed $15,364.50 for his services.[3] This amount is $617.83 more than what Qureshi was actually paid. The defendants' motion for summary judgment on Qureshi's Texas Labor Code and FLSA (failure to pay overtime) claims is premised upon the assertion that "even when accepting Plaintiff's renditions of the number of hours he actually worked, . . . Plaintiff has been fully compensated, including overtime wages, for hours worked . . . ." Since, under the defendants' working assumptions, this statement is false, the defendants' motion for summary judgment must be denied on this issue.

### B.  Qureshi's FLSA Retaliation Claim

"[I]in order to prove a retaliation claim under the FLSA, a plaintiff must establish: '(1) that she engaged in a protected activity; (2) she was subjected to an adverse employment action following her protected activity; and (3) there was a causal connection between the activity and the adverse action.'" *Conner v. Celanese, Ltd.*, 428 F. Supp. 2d 628, 638 (S.D. Tex. 2006) (quoting *James v. MedicalControl, Inc.*, 29 F. Supp. 2d 749, 752 (N.D. Tex. 1998)). With regard

---

[3] This number represents a workweek that runs from Thursday to Wednesday (since the first day of Qureshi's employment was a Thursday and the last day of his employment was a Wednesday). Similar results are found if the workweek is defined as running from Monday to Sunday or Sunday to Saturday. Lastly, similar results are obtained if the overtime period is defined as ending on the 15th of the month and the last day of the month. In that calculation, 40 hours per week was multiplied by 15/7 or 16/7 (depending on if a pay-period had 15 or 16 days, respectively) to determine how many non-overtime hours a party could work in such a period. In each of these calculations, the change (elevation) in minimum wage is not accounted for until the start of the next pay period (leading to a minimally reduced amount of money owed to Qureshi).

to Qureshi's assertions of FLSA retaliation, the defendants argue that Qureshi has failed to establish "a causal connection between the activity and the adverse action . . . ."  Specifically, the defendants state that:

> the sequence of events are [sic.] completely out of order to support any claim of retaliation by Plaintiff. Instead of: filling lawsuit, then firing; Plaintiff was fired (for theft), and then approximately one and one-half years (1 ½) years later, the State Claim was filed. As such, Plaintiff has no evidence whatsoever to support the 'causal connection' element of an FSLA Retaliation claim, and as such, the Court should grant Defendants summary judgment on the issue of FSLA Retaliation.

The defendants misconstrue Qureshi's retaliation claim.  Specifically, the defendants argue that no retaliation has occurred because Qureshi was fired (an adverse employment action) before he filed suit (a protected activity).  However, this argument misses the point.  Qureshi asserts that the defendants have behaved in a retaliatory manner because they filed the state suit (an adverse employment action) after Qureshi brought the present lawsuit (a protected activity).

"The [United States] Supreme Court set forth two findings which must be made in order to find that a state suit is a prohibited act of retaliation: (1) that the suit was filed with retaliatory motive, and (2) that the suit lacks a reasonable basis in fact or law."  *Martinez v. Deaf Smith County Grain Processors, Inc.*, 583 F. Supp. 1200, 1210 (N.D. Tex. 1984) (citing *Bill Johnson's Restaurants v. NLRB*, 461 U.S. 731 (1983)).  The defendants do not assert that Qureshi has failed to satisfy either of these elements.  Accordingly, summary judgment is not proper on this issue. *See Lynch Props., Inc. v. Potomac Ins. Co*., 140 F.3d 622, 625 (5th Cir. 1998).

### C.  Qureshi's Malicious Civil Prosecution Claim

On the issue of malicious civil prosecution under Texas law, the Fifth Circuit has stated that:

> The mere filing of a civil suit resulting in damage to the defendant is not such an interference with the person or property of the defendant as will support an action

for malicious prosecution. [Qureshi alleged that he] suffered damages resulting from the filing or pendency of [the defendants' state complaint. He does] not allege or now contend that [the defendants] wrongfully sued out any process which interfered with their person or property. The mere bringing of a civil suit, no matter how unfounded or unjust, is not actionable as malicious prosecution in this state [Texas]. *Salado College v. Davis*, [47 Tex. 131 (1877)]; *Butler v. Morgan*, 590 S.W.2d 543, 545 (Tex. Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.); *Louis v. Blalock*, 543 S.W.2d 715 (Tex. Civ. App.—Amarillo 1976, writ ref'd n.r.e.) (emphasis in original).

*Shawnee Intern., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984) (quoting *Moore v. Finholt*, 638 S.W.2d 169, 171 (Tex.App.—Tyler 1982, no writ)) (names of present parties inserted).

In the present suit, Qureshi asserts that "the [state] proceedings will be terminated in Plaintiff's favor . . . ." Qureshi does not allege that the state suit has been terminated in his favor. Accordingly, Qureshi has not alleged a cause of action upon which relief can be granted and therefore, this cause of action is, *sua sponte*, dismissed. Fed. R. Civ. P. 12(b)(6); *Tex. Beef Cattle Co. v. Green*, 921 S.W.2d 203, 207 (Tex. 1996) (To succeed on a malicious prosecution claim, the plaintiff must establish that the underlying proceeding was terminated in the plaintiff's favor).

### VI. Conclusion

Based on the above, the Court hereby DENIES the defendants' motion and, *sua sponte*, dismisses Qureshi's malicious civil prosecution claim for failure to state a cause of action upon which relief can be granted.

It is so **ORDERED.**

SIGNED at Houston, Texas this 18th day of February, 2010.

_____
Kenneth M. Hoyt
United States District Judge